# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-0670V**
**Filed: January 11, 2018**
UNPUBLISHED

|  |  |
|---|---|
| CHRISTINE PEARSON,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Cliff John Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.*
*Douglas Ross, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On May 22, 2017, Christine Pearson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 13, 2016. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 11, 2018, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that petitioner's claim meets the Table criteria for SIRVA *Id.* at 4. Petitioner had no history of pain, inflammation or dysfunction of the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms. *Id.* at 4-5. Respondent further agrees that "the records show that the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory requirement by suffering the residual effects of complications of her injury for more than six months after vaccine administration." *Id.* at 5. Thus, respondent concedes that entitlement to compensation is appropriate under the terms of the Vaccine Act. *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master